IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEREMY RAY TROUTMAN,

Plaintiff,

v.

CIVIL ACTION NO.: CV509-015

Officer ROBERT CARVALHO and
CORNELL COMPANIES, INC.,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983, as amended, contesting certain conditions of his confinement while he was incarcerated at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendant Carvalho used excessive force against him on February 6, 2009. Plaintiff asserts he filed an informal grievance on February 9, 2009, and a formal grievance on February 16, 2009. Plaintiff also asserts he was transferred to Ware State Prison on February 26, 2009, and he continued filing grievances about this incident. Plaintiff filed his Complaint on March 13, 2009, and he stated he was still waiting to hear from the grievance coordinator and that he did not file an appeal.

Title 42, United States Code, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

AO 72A
(Rev. 8/82)

2

In Porter v. Nussle, 534 U.S. 516 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 at 523. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524; Booth v. Churner, 532 U.S. 731, 732 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Plaintiff readily admits he did not exhaust his available administrative remedies prior to filing his Complaint with this Court on March 13, 2009. The undersigned notes that Plaintiff states in his Amended Complaint that he still had not received a response to his grievance as of March 29, 2009. Thus, Plaintiff had not exhausted his available administrative remedies at the time he filed his Complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this cause of action.

**SO REPORTED** and **RECOMMENDED**, this 30th day of June, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE